[No. 1358.]

## JOHN CHEATHAM ET AL. *v.* THE STATE.

1. JUDGMENT NISI.—The statute imperatively requires that a judgment *nisi* shall recite that the same will be made final at the next term of the court, unless good cause be shown why the defendant did not appear. Citation to appear and show cause why final judgment should not be entered is not a compliance with the statute.
2. SAME.—A judgment *nisi* which does not contain the statutory provisions is void and cannot be made the basis of a final judgment.

ERROR from the County Court of Van Zandt. Tried below before the Hon. R. H. Allen, County Judge.

The forfeiture in this case was of the appearance bond of John Cheatham, bailed to answer a charge of aggravated assault and battery. The amount of the bond and judgment was one hundred dollars.

*D. W. Crow*, for the plaintiffs in error.

*H. Chilton*, Assistant Attorney General, for the State.

HURT, J.   Judgment final was rendered against plaintiffs in error upon a judgment *nisi* which contained the following: "That *scire facias* issue, commanding them to appear at the next term of the county court to be held at the court house in the town of Canton on the third Monday in January, 1882, and show cause, if any, *why judgment should not be made final.*

The statute requires that the judgment *shall* state that the same *will be made final unless good cause be shown* at the next term of the court why defendant did not appear. (Art. 441, Code Crim. Proc.)   In *Collins* v. *The State,* 12 Texas Ct. App., 356, and Trav. Smith et al. v. State, *ante,* 31 (at present term), it is held that a judgment *nisi* which does not contain these provisions is void and cannot be made the basis of a final judgment.

Why the clerk, when rendering up these judgments *nisi,* should neglect to consult, or refuse to be governed by the plain provisions of the Code is passing strange indeed.   Such conduct can be viewed in no other light than that of grossest carelessness.   The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered October 14, 1882.